IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Crim. No. 18-15-LPS |
| THOMAS E. NOBLE, | : | |
| Defendant. | : | |

## MEMORANDUM

Defendant Thomas E. Noble has been indicted and charged with one count of attempted receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256(2)(A). (D.I. 2) Defendant is proceeding *pro se*, with the Federal Public Defender's Office acting as stand-by counsel. Defendant recently filed a document titled "Petition for Writ of Habeas Corpus" requesting: (1) that this matter be sent to the United States Supreme Court for a transfer of venue to a district court not located within the Third Circuit; (2) that his previously requested preliminary relief in this case (D.I. 16) be granted; and (3) he be released from prison and the charges against him be dismissed with prejudice. (D.I. 27 at 2)

In his Motion for Preliminary Relief (D.I. 16), Defendant complains that he has not received "real pens", paper in the quantity and sizes he needs, five stamps per month, and carbon paper. Additionally, Defendant asks the Court to send the instant matter to the United States Supreme Court so that it can transfer his case to an impartial district court outside of the Third Circuit. Neither of these complaints challenge the fact or duration of Defendant's imprisonment. *See Preiser*

*v. Rodriguez*, 411 U.S. 475, 484, 498-99 (1973). Therefore, the Court will deny Defendant's first two requests because they are not cognizable in habeas.

The Court liberally construes Defendant's request for the charges against him to be dismissed and for him to be released as a request for habeas relief under 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Notably, "[t]he use of a 2241 petition to challenge federal pretrial detention has been criticized." *Credico v. BOP FDC Warden of Phila.*, 592 F. App'x 55, 57 n.3 (3d Cir. Nov. 14, 2014). Defendant is a pre-trial detainee who has not yet been convicted of, or sentenced for, any offenses in this Court. Therefore, the Court will deny Defendant's instant § 2241 request for lack of jurisdiction because it is premature.

Accordingly, the Court will summarily dismiss the Petition for Writ of Habeas Corpus (D.I. 27) without prejudice. The Court will also decline to issue a certificate of appealability because Defendant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: May 17, 2018

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE