IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 18-15-LPS |
| | ) | |
| THOMAS E. NOBLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this **11th** day of **June, 2018, IT IS HEREBY ORDERED** that:

1. On February, 27, 2018, Defendant, Thomas E. Noble ("Defendant" or "Noble"), was charged by indictment with attempted receipt of child pornography and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B), 2252(b)(1) and (b)(2), and 2256(2)(A). (D.I. 1) Defendant has chosen to proceed *pro se*. He is on pre-trial detention at the Federal Detention Center in Philadelphia ("FDC"). Presently before the Court are at least 18 motions Defendant has filed over the last two months.

2. Defendant's Preliminary Motion for Relief Necessary to Defend Himself Effectively and for Impartial Adjudication (D.I. 16) is **DENIED**.

This motion asks for certain pens and paper and access to photocopying and other materials, as well as production of certain files contained on a computer of Defendant's that is now in the possession of the government. The Court is not persuaded by the motion that any of Defendant's rights are being violated. The FDC may impose reasonable restrictions on the materials to which Defendant has access, and the government is in the process of locating Defendant's requested files and verifying they do not contain contraband. (*See, e.g.,* D.I. 23)

1

3. Defendant's Motion for Transfer of Venue by the Supreme Court to an Impartial District Court Not in the Third Circuit or any Other Circuit Controlled by the Illuminati (D.I. 17) is **DENIED**.

This motion is one of several that allege (at least by its title) the undersigned Judge is conflicted and that he – as well as the other judges of this Court, and potentially all federal judges within the Third Circuit – must recuse himself. The Court disagrees. The Court holds no subjective bias or prejudice against Defendant, nor would a reasonable person with knowledge of the facts conclude that the impartiality of the undersigned Judge might reasonably be questioned. *See* 28 U.S.C. § 455(a) (requiring judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned"); *id.* § 455(b)(1) (requiring same where judge "has a personal bias or prejudice concerning a party"); *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (stating recusal test under § 455(a) is whether "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned"). The bias or appearance of bias necessary to require recusal generally "must stem from an extrajudicial source," *Liteky v. United States*, 510 U.S. 540, 559 (1994) (internal citations and quotation marks omitted), and no such basis exists (or is even plausibly alleged). Moreover, pursuant to 28 U.S.C. § 144, a party seeking recusal based on bias or prejudice must provide an affidavit containing "the facts and the reasons for the belief that bias or prejudice exists," which Defendant has failed to do. *See also United States v. Modjewski*, 783 F.3d 645, 649 (7th Cir. 2015) (explaining affidavit "must present compelling evidence of bias so that a reasonable person would be convinced the judge is biased") (internal quotation marks omitted). Finally, "[b]ecause granting a motion to recuse necessarily results in a waste of the judicial resources which have already been invested in the

2

proceeding ... a judge is as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *United States v. Wecht*, 2008 WL 1773928, at *4 (W.D. Pa. Apr. 16, 2008) (internal citations and quotation marks omitted). Here, there is no basis for the undersigned Judge to be recused.

Additionally, Federal Rule of Criminal Procedure 18 requires the government to "prosecute an offense in a district where the offense was committed," which here is Delaware. Likewise, Rule 21(a) would require the Court to "transfer the proceeding against th[e] defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial" here, but Defendant identifies no basis for meeting this heavy burden.

4. Defendant's Motion for Leave to File Only One Copy of Documents and for Service by the Court and to Provide Defendant Copies of Same (D.I. 21) is **GRANTED**. Defendant may submit a single copy of any filing and the Court will provide him (at reasonable intervals) a copy of whatever the Court dockets for him.

5. Defendant's Motion to Stay and Vacate Order of Conflict Judge for Reconsideration by an Impartial Judge at an Impartial Court designated by the Supreme Court (D.I. 22) is **DENIED**, for essentially the same reasons set out in paragraph 3 of this Order. Nor did the Court miscalculate the Speedy Trial Act calculations, as, among other things, the time during which any of Defendant's multiplicity of motions is pending is properly excludable. *See* 18 U.S.C. § 3161(h)(1)(D).

6. Defendant's Motion for Black Ink Pens and Paper and Postage-Paid Envelopes (D.I. 28; *see also* D.I. 39) is **DENIED**, for essentially the same reasons set out in paragraph 2 of this Order. It further appears that this motion implicates issues relating to housing assignments, which

are matters that are within the discretion of the FDC. (*See* D.I. 30)

7.  Defendant's Motion to Disqualify Federal Public Defender for Unreliability and Incompetence and Ineffectiveness (D.I. 32) is **DENIED**. There is no basis to conclude that the Federal Public Defender's Office is not reasonably performing the tasks assigned to it as stand-by counsel for the *pro se* Defendant.

8.  Defendant's Motion to Stay and Vacate Order by Conflict Judge and to Enjoin Him from Conducting Proceedings and also Enjoin Him from Excluding Time (D.I. 33) is **DENIED**, for essentially the same reasons set out in paragraphs 3 and 5 of this Order.

9.  Defendant's Motions to Compel (D.I. 43, 44, 46, 50) are **DENIED WITHOUT PREJUDICE** to renew, at or after the forthcoming status conference, to be held on July 2, 2018. The Court has no basis to find that the government is failing to comply with its discovery obligations. Nor is there any basis in the record to conclude that the Court has failed to provide Defendant with copies of materials filed with the Court to which Defendant is entitled copies.

10. Defendant's Motion to Compel Transmission of this Case and Related Cases to the Supreme Court for Re-Assignment to an Impartial Court Not in the Third Circuit's Jurisdiction (D.I. 45) is **DENIED**, for essentially the same reasons set out in paragraph 3 of this Order.

11. Defendant's Motion and Affidavit to Consolidate Related Case Seeking Counter-Prosecution of Judges By the Office of the Inspector General for Corruptly Covering Up and Abetting Crimes by Delaware Officials (D.I. 47) is **DENIED**, for essentially the same reasons set out in paragraph 3 of this Order. Although Defendant has now provided an affidavit, it fails to make the required showing of bias to warrant recusal.

12. Defendant's Motion to Stay and Vacate Conflict Judge's Order (D.I. 48), Motion to

Stay Proceedings Until After this Case Has Been Transmitted to the Supreme Court for Re-Assignment to an Impartial Court Not in the Third Circuit's Jurisdiction (D.I. 49), and Motion to Consolidate Related Action with this Case and to Stay and Vacate Co-Conflict Judge's Orders (D.I. 51) are **DENIED**, for essentially the same reasons set out in paragraph 3 of this Order.

13. Defendant's Motion to Correct the Record and to Enjoin the Government from Using Any Name for Defendant Besides Thomas E Noble (D.I. 53) is **DENIED**. In its filings, the government is permitted to refer to Defendant in the same manner in which the grand jury referred to him in the indictment ("THOMAS E. NOBLE, also known as 'Walter M. Guyer' and 'Thomas D. Guyer'"). (D.I. 1) How Defendant will be referred to during trial is a matter that will be determined in connection with the final pretrial conference and/or at trial.

14. Defendant's Motion to Strike Government's Untimely Response and to Enjoin Conflict Judge from Further Conducting Proceedings (D.I. 54) is **DENIED**, for essentially the same reasons set out in paragraph 3 of this Order. Moreover, even assuming the government's response to Defendant's motion to transfer venue was untimely served, the record reveals no meritorious basis for transfer, nor any prejudice to Defendant from the Court's refusal to strike the government's filing.

**IT IS FURTHER ORDERED** that the time between the May 17, 2018 status conference and the July 2, 2018 status conference (*see* D.I. 52) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE