IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 18-15-LPS |
| | : | |
| THOMAS E. NOBLE, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO WITHDRAW AS COUNSEL**

Janet Bateman, Assistant Federal Public Defender, formerly standby counsel for the defendant, Thomas E. Noble, respectfully seeks the Court's permission to withdraw from the case and that the Court appoint new counsel to represent Mr. Noble in the matter before this Court:

1. On February 27, 2018, a federal grand jury for the District of Delaware returned a two-count indictment against the defendant, Thomas E. Noble, charging him with one count of Attempted Receipt of Child Pornography by Someone Previously Convicted of a Child Pornography Offense, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1), and one count of Possession of Child Pornography by Someone Previously Convicted of a Child Pornography Offense, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

2. Mr. Noble elected to exercise his right to self-representation at his initial appearance on March 15, 2018, and the Office of the Federal Defender was appointed to represent him as standby counsel.

3. Mr. Noble first refused to meet with standby counsel in June 2018, and has not met with or engaged in any verbal communication with standby counsel since then, as of the writing

of this motion.

4. At the July 2, 2018 status conference, Mr. Noble stated on the record that he was invoking his Fifth Amendment right to remain silent. Mr. Noble indeed remained silent at all further proceedings, even when the Court ordered him to answer its questions. Mr. Noble continued to refuse visits from standby counsel and mail sent to him by standby counsel and Court has been returned as undeliverable. (*See* D.I. # 66, 76, 80, 81, 87, 88, 93, 95, 99.)

5. In August 2018, the Court ordered that Mr. Noble undergo a competency evaluation. The evaluation found him to be competent to stand trial. Standby counsel retained an expert who reviewed that report and found no objection. On April 18, 2019, the Court concluded that Mr. Noble is competent to stand trial.

6. On April 26, 2019, the Court held a status conference, in part to determine whether Mr. Noble should be permitted to continue to represent himself, or whether, among other things, he had waived or forfeited that right. Ultimately, the Court concluded that Mr. Noble had waived or forfeited his right to self-representation and revoked the grant.

7. During the April 26 hearing, Mr. Noble read a prepared statement. His statement was lengthy and raised issues familiar to the Court from Mr. Noble's prior filings, including past motions to recuse the Court and indeed all courts and judges within the Third Circuit. (*See, e.g.*, D.I. # 16, 17, 22.) Mr. Noble's statement was, however, primarily a forceful and detailed inventory of grievances with standby counsel. He stated that counsel was ineffective and inadequate and listed approximately twelve significant "failures" by standby counsel. When he was finished reading, Mr. Noble re-invoked his Fifth Amendment right to remain silent.

8. Based on Mr. Noble's statements, undersigned counsel believes she is compelled to file this motion to withdraw. After the April 26 hearing, undersigned counsel attempted

(unsuccessfully) to visit with Mr. Noble and then discussed the matter with Edson Bostic, Federal Public Defender.  Mr. Bostic then attempted to visit Mr. Noble himself, but Mr. Noble refused the visit.  Although Mr. Noble did not answer the Court's question of whether he was asking for new counsel to be appointed, undersigned counsel asserts that the Court must consider Mr. Noble's statement as a request for new counsel.  Mr. Noble broke his long silence to protest vociferously about his view of standby counsel's performance. In light of his very clearly stated opinion of standby counsel, and the utter breakdown in communication between Mr. Noble and attorneys from the Office of the Federal Defender, the undersigned respectfully requests that the Court grant this motion to withdraw and appoint new counsel for Mr. Noble.

Respectfully submitted,

Dated: May 3, 2019

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

By: /s/ *Janet Bateman*
JANET BATEMAN
Assistant Federal Public Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE 19801
de_ecf@fd.org