# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>THOMAS E. NOBLE, )<br>)<br>Defendant. ) | Crim. Action. No. 18-15-LPS |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant was caught in the act of downloading child pornography after having previously been convicted in the State of Delaware for Dealing in Child Pornography.  <u>See</u> Presentence Investigation Report, ¶¶ 44-49.  As a result, the defendant faces a mandatory minimum sentence of 180 months of imprisonment with a sentencing guideline range of 180 months of imprisonment.  The government recommends 180 months of imprisonment followed by 10 years of supervised release.[1]  The government also recommends restitution of $3,000 for each victim.

Under 18 U.S.C. § 2259(a), restitution to child pornography victims is mandatory.  A defendant must be ordered to pay "the full amount of the victim's losses," which may include "any costs incurred by the victim" for:

   A. medical services relating to physical, psychiatric, or psychological care;
   B. physical and occupational therapy or rehabilitation;
   C. necessary transportation, temporary housing, and child care expenses;
   D. lost income;
   E. attorneys' fees, as well as other costs incurred; and
   F. any other losses suffered by the victim as a proximate result of the offense.  18 U.S.C. § 2259(b)(1) and (3).

---

[1] *See also* Sealed Attachment A, which the government routinely attaches to sentencing memoranda.

A court may not decline to issue a restitution order because of "the economic circumstances of the defendant" or "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(4).

The Supreme Court has held that "[r]estitution is . . . proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." Paroline v. United States, 134 S. Ct. 1710, 1722 (2014). In Paroline, the petitioner pleaded guilty to possessing child pornography, including images of victim "Amy," who was sexually abused as a child and learned about the trafficking of photographs of her abuse at the age of 17. Id. at 1717. As the Supreme Court recognized:

> The knowledge that her images were circulated far and wide renewed the victim's trauma and made it difficult for her to recover from her abuse." Id. Akin to the suffering of many child victims, the crimes of Amy's abuser "were compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her. Id.

Amy sought restitution from defendant Paroline for lost income, future treatment, and attorney's fees and costs, conceding that her losses did not flow from specific knowledge of defendant Paroline's identity or specific conduct. Id. at 1718.

All members of the Paroline court agreed that 18 U.S.C. § 2259 requires proximate cause for all of the statute's loss categories. Id. at 1722, 1730-31, 1735-36. They also unanimously agreed that proximate causation was not at issue on the facts

of the case. Id. The majority opinion further recognized the pervasive problems caused by the trafficking of child pornography:

> The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." Id. at 1716-17 (quoting New York v. Ferber, 458 U.S. 747, 759 (1982)).

Adopting an aggregate-causation theory based on tort law, the Paroline court held that when multiple causes combine to produce an event and no cause is necessary or sufficient, each cause can be said to be one cause-in-fact of the event. Id. at 1725-27. In other words, Paroline's criminal conduct contributed to the continuing harm suffered by the victim, and although "it is not possible to identify a discrete, readily definable incremental loss he caused, it is undisputable that he was part of the overall phenomenon that caused her general losses." Id. at 1726.

The Supreme Court then addressed how to calculate restitution in cases where "a defendant possessed a victim's images and that . . . victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant." Id. at 1727. The Court concluded that defendants like Paroline should be required to pay "restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses," and that the amount should be determined by the district court, in the exercise of its discretion. Id. at 1727-28. Under such a framework, restitution orders "serve the twin goals of helping the victim achieve

eventual restitution . . . and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims." Id. at 1727.

Paroline emphasized that there is no "precise mathematical inquiry" governing this determination, and that district courts must exercise "discretion and sound judgment" in fashioning awards. Id. at 1727-28. To that end, courts should consider a variety of factors, including the number of defendants caught, likely to be caught, and existing in the world; whether the defendant produced or distributed the images; how many images he possessed; and "other facts relevant to the defendant's relative causal role." Id. at 1728. Using these "rough guideposts," courts should determine restitution orders that are not "severe" but also not "trivial . . . token or nominal." Id. at 1727-28.

In this case, law enforcement found images and/or videos of 50 known series of child pornography on the defendant's computer. Of those 50 series, 30 series have victims identified by the National Center for Missing and Exploited Children. Only 2 of those identified victims have submitted restitution claims for expenses, past and projected, included within 18 U.S.C. § 2259(b)(1) and (3). (See PSR, ¶¶ 91-103, and Addendum to the Presentence Report). The claims, filed by the victims' attorney, are summarized as follows:

///

| **Child Victim (Pseudonym)** | **Losses** | **Restitution Requested** | **Known Number of Previous Restitution Requests** | **Known Average Restitution Granted** |
|---|---|---|---|---|
| Jane | As high as $7,749,603 (treatment, lost wages, reduction of "value of life", attorney costs, etc.) | No less than $3,000 | 80 | $2,156.00 |
| Jenny | Likely to exceed $1 million (counseling, lost wages, out-of-pocket costs and expenses, attorney's fees, etc.) | No less than $3,000 | 125 | $2,902.40 |

All restitution payments should be directed to the respective attorneys listed below:

**Jane**

James R. Marsh, Esq.
Box 4668 #65135
New York, New York 10163-4668
929-232-3181
RestitutionTeam@marsh.law

**Jenny**

James R. Marsh, Esq.
Box 4668 #65135
New York, New York 10163-4668
929-232-3181
RestitutionTeam@marsh.law

The government agrees with probation's assessment of restitution and requests that this Court order $3,000 of restitution for each victim. The true amount of each victim's loss is a complicated combination of want and need—including but not limited to necessary, life-long counseling; lost wages; and attorney's fees. Here, the defendant possessed child pornography for his own sexual gratification. As to the victims seeking restitution, he possessed an image of each. And he used a file sharing program to build his collection, thereby making those images available for others to download. Restitution of $3,000 per victim is a reasonable figure that balances the twin goals of helping each victim and impressing upon offenders the fact that their actions affect real victims. Less than $3,000 approaches a trivial, token, nor nominal payment. But $3,000 is likewise not too severe. Moreover, while not binding in *this case*, restitution of $3,000 will be a *binding minimum* in child pornography cases moving forward pursuant to 18 U.S.C. § 2259(b)(2)(B) (effective December 7, 2018). Congress's clear intent that $3,000 be the *minimum* amount of restitution in all child pornography cases should hold significant weight here, even though it is not yet mandatory. The victims ask for this minimum amount. The government agrees.[2]

///

---

[2] *See also* Exhibit A for additional examples of recent claims made by victims of child pornography in this District.

In conclusion, the government recommends 180 months of imprisonment followed by 10 years of supervised release and restitution of $3,000 for each victim.

                        Respectfully submitted,

                        DAVID C. WEISS
                        United States Attorney

By:   */s/ Graham L. Robinson*
       Graham L. Robinson
       Assistant United States Attorney

Dated:   February 18, 2020